UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No: 25-CR-437(DWF/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| LUIS ANTONIO GARCIA LOPEZ, | ) |
| | ) |
| Defendant. | ) |

## RESPONSE TO GOVERNMENT MOTION TO DISMISS WITHOUT PREJUDICE PURSUANT TO RULE 48(a)

Luis Antonio Garcia Lopez, by counsel Bruce D. Nestor of De León & Nestor, LLC, states as follows:

1. The Government has moved to dismiss without prejudice all charges against Mr. Garcia Lopez. (ECF#33). The basis for the Government's motion is that "[i]n light of the defendant's removal [from the United States], the government believes that the interests of justice would best be served by dismissing the indictment…" (*Id*, .2). The Government purports to seek dismissal to avoid wasting judicial resources by litigating issues unlikely to result in a final resolution of the case.

2. Mr. Garcia Lopez faces two-branches of the Government operating at cross-purposes: one branch, the Department of Justice, seeks to prosecute him for alleged crimes, while the second branch, the Department of Homeland Security (DHS) chose to remove Mr. Garcia Lopez from the United States while his criminal proceedings were pending. As stated by DHS itself, however, a number of avenues exist to exercise

1

prosecutorial discretion with respect to the removal of non-citizens whose presence in the United States is necessary as a witness, victim, or defendant in a criminal proceeding. See, "TOOL KIT FOR PROSECUTORS", Immigration and Customs Enforcement, April 2011.[1] These options include a grant of deferred action to a defendant in criminal proceedings or an Administrative Stay of Removal. *Id*, p. 4-8. The Government chose not to avail itself of any of these options and to instead remove Mr. Garcia Lopez from the United States after he had been released from federal pre-trial criminal custody.

3. Although this Court ordered Mr. Garcia Lopez released from criminal pre-trial custody due to absence of evidence that he was either a flight risk or a danger to the community, DHS thenchose to detain Mr. Garcia Lopez and remove him from the United States. Now, the Government wants the best of both worlds and the right to both remove Mr. Garcia Lopez as well as the right to prosecute him again anytime within the five-year statute of limitations applicable to the charged offenses. The Government should not be allowed to remove Mr. Garcia Lopez from the United States, and then use its own action in removing Mr. Garcia Lopez as a basis to avoid moving forward with the criminal case and seek dismissal without prejudice.

4. In Count II and Count III of the Indictment, Mr. Garcia Lopez is charged with offenses in violation of 8 USC §1324 involving allegations that he encouraged/induced illegal residence and harbored a non-citizen without lawful immigration status. Mr. Garcia

---

[1] https://www.ice.gov/doclib/about/offices/osltc/pdf/tool-kit-for-prosecutors.pdf

Lopez will suffer particular prejudice if Count II and Count III are dismissed without prejudice due to the nature of the evidence supporting the allegations in Count II and Count III and the likely loss of material witnesses. The sole evidentiary disclosures made by the Government with respect to Count II and Count III consist of a summary of an interview of an individual claiming to have been employed by Mr. Garcia Lopez with knowledge that the individual was unlawfully present in the United States and lacked work authorization. The Government has not provided a recording of this interview and is not written as a narrative report, instead being formatted in a "question and answer" format covering part of two pages. The Government has also disclosed that it seized falsified documents from this individual purporting to show lawful immigration status and work authorization. These disclosures create a fact issue as to why a person would obtain and possess false documents necessary to obtain employment and then claim to a potential employer to lack such documentation. This individual is also charged with criminal offenses in state and federal court and is likely to be removed from the United States upon completing any term of imprisonment. Further, as set out in the Motion to Produce Exculpatory Witness filed by Mr. Garcia Lopez (ECF# 30), the Government has already removed a witness from the United States who Mr. Garcia Lopez believes would be an exculpatory witness. The Government has not filed a Response to ECF#30, instead choosing to file a Motion to Dismiss Without Prejudice.

5. Dismissal of this matter without prejudice would allow the Government to resume prosecution of Mr. Garcia Lopez at any time within the next five years, when the

practical problems with the current prosecution of Mr. Garcia Lopez are created solely by the Government's own action in removing him from the United States. Further, during any future prosecution. Mr. Garcia Lopez is likely to lose access to or be unable to locate material witnesses to challenge the Government's allegations against him. He should not be forced to continue to live with the sword of future prosecution hanging over his head, when the Government's own actions are responsible for its inability to proceed with his prosecution at this time.

6. Mr. Garcia Lopez renews and incorporates by reference in this Response his arguments in support of his Motion to Dismiss Indictment with Prejudice – Involuntary Removal from the United States (ECF#28).

WHEREFORE, Mr. Garcia Lopez requests that the Indictment in this matter be dismissed with prejudice.

Dated: <u>January 29, 2026</u>                        <u>      S/BRUCE D. NESTOR      </u>
Bruce D. Nestor, 0318024 – MN
DE LEÓN & NESTOR, LLC
3547 Cedar Avenue South
Minneapolis, MN  55407
(612) 659-9019
(612) 436-3664 – Facsimile
nestor@denestlaw.com

4