UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 25-437 (DWF/LIB) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Luis Antonio Garcia-Lopez, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on the United States of America's (the "Government") motion to dismiss without prejudice pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure. (Doc. No. 33.) Defendant Luis Antonio Garcia-Lopez filed a response requesting dismissal with prejudice. (Doc. No. 36.) For the reasons set forth below, the Court grants the Government's motion and dismisses the case without prejudice.

## BACKGROUND

Garcia-Lopez is charged with reentry of a removed alien (Count 1), encouraging and inducing illegal residence (Count 2), and harboring an illegal alien (Count 3). (Doc. No. 14.) At his initial appearance, Magistrate Judge Jon T. Huseby ordered Garcia-Lopez's pretrial release. (Doc. Nos. 7, 9.) At the time, there was an active immigration detainer on Garcia-Lopez, so he was immediately taken into custody by immigration

authorities.  (*See* Doc. No. 32.)  On November 26, 2025, Garcia-Lopez was removed from the United States pursuant to a removal order.  (Doc. No. 28 ¶ 4; Doc. No. 33 at 2.)

Following his removal, Garcia-Lopez's counsel moved to dismiss the indictment. (Doc. No. 28.)  The Government followed suit by filing its own motion to dismiss under Rule 48(a).  (Doc. No. 33.)  The parties agree that this case should be dismissed.  The only question remaining for the Court is whether that dismissal should be with or without prejudice.

## DISCUSSION

Rule 48(a) provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a).  Generally, dismissal under Rule 48(a) is without prejudice.  *See, e.g.*, *United States v. Oliver*, 950 F.3d 556, 562 (8th Cir. 2020).  However, when the Government seeks dismissal for an improper purpose, such as harassment, dismissal should be with prejudice.  *See, e.g.*, *United States v. Rupp*, No. 18-cr-15, 2019 WL 93272, at *6, *13 (N.D. Iowa Jan. 3, 2019), *aff'd*, 994 F.3d 946 (8th Cir. 2021); *see also Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977) ("The principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment . . . .").  The mere possibility that the Government will re-charge the defendant in the future is insufficient to show prosecutorial harassment.  *See United States v. Feldhacker*, 849 F.2d 293, 295 (8th Cir. 1988) ("In general, absent prosecutorial abuse, a defendant does not obtain immunity from prosecution simply because the prosecution has previously dismissed an indictment which described the criminal acts at issue.").

In its motion, the Government stated three reasons for its request: (1) a desire to avoid the waste of judicial resources; (2) the Executive Branch may simultaneously pursue criminal prosecution and removal, so no bad faith can be attributed to the decision to remove Garcia-Lopez during the pendency of this case; and (3) Garcia-Lopez would not face any prejudice if charges were later refiled because all evidence is maintained in his A-file. (Doc. No. 33 at 2-3.) Garcia-Lopez argues that the Government had other options if it wished to pursue criminal prosecution and removal, such as deferred action or an administrative stay. (Doc. No. 36 ¶ 2.) Additionally, Garcia-Lopez argues that he will suffer prejudice if Counts 2 and 3 are dismissed without prejudice. (*Id.* ¶ 4.) He alleges that these counts are based on faulty evidence, including documents that were potentially falsified by a witness. (*Id.*) He also alleges that the Government has already removed an exculpatory witness from the country. (*Id.*) He asserts that if these charges were ever revived, he is likely to lose access to or be unable to locate material witnesses due to the Government's removal actions against the witnesses in this case. (*Id.* ¶ 5.)

Although any attempt to dismiss charges in order to obtain a tactical advantage would clearly constitute bad faith, Garcia-Lopez has not shown that that is the Government's purpose here. He suggests a possible purpose, but there is no evidence to support that suggestion. The Government may pursue both criminal prosecution and removal simultaneously. Similarly, there is no evidence to suggest that the Government moved for dismissal with the purpose of harassing Garcia-Lopez. Without more, the

Court must presume that the Government asks for dismissal without an improper purpose and therefore must dismiss the indictment without prejudice.[1]

While Garcia-Lopez's allegations are insufficient for the Court to find an improper purpose, the allegations, if true, certainly raise the legally significant question of whether there could be a fair trial on these charges in the future. It may be that the Government's removal actions, while not improper, make reviving these charges impossible.

### ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. The United States of America's motion to dismiss without prejudice pursuant to Rule 48(a) (Doc. No. [33]) is **GRANTED**.

2. The charges (Doc. No. [14]) are **DISMISSED WITHOUT PREJUDICE**.

Dated: February 6, 2026            s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge

---

[1] Garcia-Lopez raised other issues in his own motion to dismiss. (Doc. No. 28.) First, he argued that removing him from the country violated his Sixth Amendment right to counsel because he can only communicate with counsel via telephone now. (*Id.* ¶ 6.) Second, he asserted that any continued legal proceedings without his presence would violate his rights under the Speedy Trial Act. (*Id.* ¶ 8.) Dismissal of this matter on the Government's motion resolves both issues.